CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
MAY 06 2011
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| IDA MAE WATSON, | ) | CASE NO. 4:10CV00045 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's December 6, 2007 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on March 15, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, December 2, 2006, and that she met the insured status requirements under the Act through December 31, 2011. (R. 10.) The Law Judge determined plaintiff suffered the following severe impairments: obesity, degenerative disc disease, and osteoarthritis. (Id.) The Law Judge did not believe she had an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 12.) The Law Judge found that plaintiff's medically

determinable impairments reasonably could be expected to cause her alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the Law Judge's residual functional capacity ("RFC") finding. (R. 13.) The Law Judge found that plaintiff maintained the RFC to perform light work, except that she is able to perform only occasional postural activities and cannot climb ropes, ladders or scaffolds and should avoid even moderate exposure to hazards. (R. 12.) The Law Judge determined that this RFC precluded plaintiff from performing her past relevant work as a certified nursing assistant, but that other jobs exist in substantial numbers in the national economy that she can perform. (R. 14-15.) Ultimately, the Law Judge found plaintiff was not disabled under the Act. (R. 16.)

Plaintiff appealed the Law Judge's March 15, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Plaintiff has filed a *pro se* letter brief which the court has construed as a motion for summary judgment and brief in support thereof. While it has been difficult to discern plaintiff's precise legal arguments from her letter brief, the undersigned has fully reviewed the record and will assess whether the Law Judge's decision is supported by substantial evidence at each step in the sequential evaluation.

At step one in the sequential evaluation, the Law Judge found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, December 2, 2006. (R. 10.) The Law Judge determined plaintiff's obesity, degenerative disc disease, and osteoarthritis were severe impairments at step two in the sequential evaluation.[1] (*Id.*) The Law Judge's findings at these two steps were favorable to the plaintiff and are not in dispute. Moreover, they are supported by substantial evidence.

At step three in the sequential evaluation, the Law Judge found that plaintiff did not have an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 12.) Plaintiff bears the burden of proving that her impairments, alone or in combination, met or equaled a listed impairment. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987) (noting the claimant has the burden of showing that he or she has a medically severe impairment or combination of impairments and that the Act requires him or her to furnish medical evidence regarding his condition).

---

[1] A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6).

The Law Judge noted that the Disability Determination Service found that plaintiff's impairments did not meet the criteria of any of the listed impairments. (R. 12.) Moreover, no treating or examining physician has offered findings equivalent in severity to the criteria of any listed impairment. (*Id.*) The undersigned concludes that the Law Judge's finding that plaintiff failed to meet her burden of establishing a listed impairment is supported by substantial evidence.

Next, the Law Judge found that plaintiff retained the RFC to perform a limited range of light work[2]. (*Id.*) In so finding, the Law Judge did not credit plaintiff's allegations that she was disabled. Specifically, he found that, although plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the finding that plaintiff could perform a limited range of light work. (R. 13.)

In fact, the Law Judge found that there were record indications that plaintiff's symptoms and limitations were not as severe as she alleged. (*Id.*) For instance, plaintiff alleged disability beginning on December 2, 2006, but the medical evidence she submitted dates back no earlier than March 2008. Moreover, the record does not contain any information from treating or examining sources supporting her claim that she is disabled or that she has limitations greater than those found by the Law Judge. Finally, the Law Judge noted plaintiff's own report that she engages in daily activities, including preparing meals, cleaning her house, washing clothes, shopping, and helping take care of her blind mother. (R. 13, 43, 143-150.)

---

[2]Light work involves lifting items weighing up to 20 pounds at a time with frequent lifting and carrying of items weighing up to 10 pounds. If a person can perform light work, she can also perform sedentary work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

The Law Judge's RFC finding also is supported by consultative examiner Lionel Marzette, M.D. Dr. Marzette examined plaintiff on April 21, 2008 and opined that she suffered the following impairments: generalized arthralgias, myalgias and edema; increased memory problems; and disequilibrium resulting in difficulty standing. (R. 203.) Dr. Marzette found that plaintiff should be able to walk, stand and sit six to eight hours in a normal eight-hour workday and that she should be able to lift fifty pounds frequently. (*Id.*) Dr. Marzette also found that plaintiff had no postural limitations in bending, stooping and crouching frequently, and that she had no manipulative limitations in reaching, handling, feeling, grasping and fingering frequently. (*Id.*) The physician believed that plaintiff's mylagias and arthralgias were likely secondary to deconditioning and obesity, and that she likely would improve with weight loss and more frequent physical activity. (*Id.*)

The Law Judge's RFC finding is supported by the opinions offered by the State agency record reviewing physicians. James Wickham, M.D. evaluated plaintiff's medical records and completed a physical assessment. (R. 205-211.) He opined that plaintiff was capable of performing light exertional work, and his opinion was echoed by another record reviewer, Robert Chaplin, M.D. (R. 216.) Thus, the undersigned concludes that the Law Judge's finding that plaintiff was able to perform a limited range of light work is supported by substantial evidence.

At step four, the Law Judge concluded that plaintiff's ability to perform a range of light work precluded her from performing her past relevant work. (R. 14.) The Law Judge's finding at this step was favorable to the plaintiff. Moreover, this finding is supported by substantial evidence.

At the final step in the sequential evaluation, the Law Judge found that there were other jobs available in the national economy that plaintiff could perform. (R. 15.) Based on evidence provided by a vocational expert ("VE") at the hearing, the Law Judge found that plaintiff could work as a companion and a home health aide, jobs available in the national economy. (R. 47-48.) This finding is supported by substantial evidence.

Having determined that the Law Judge's findings at each step of the sequential evaluation, which were adopted by the Commissioner, are supported by substantial evidence, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiff.

ENTERED: /s/
U.S. Magistrate Judge

5/6/11
Date